UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM CROCKETT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| VEDORA HINSHAW, P. LEFLORE, N. HARRISON, MRS. DICK, OFFICER WHITTON, MR. WALLING, MR. DUNN, and R. GARD, all in their individual capacities, | ) ) ) 1:13-cv-01840-RLY-TAB ) ) ) |
| Defendants. | ) |

**ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, William Crockett, resides at the New Castle Correctional Facility, where he was twice attacked. Crockett alleges that Defendants, Vedora Hinshaw, P. LeFlore, N. Harrison, Mrs. Dick, Officer Whitton, Mr. Walling, Mr. Dunn, and R. Gard, violated his constitutional rights under the Eighth Amendment by failing to protect him from these attacks. Defendants asserted as an affirmative defense that Crockett failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). The court ordered development of this affirmative defense and permitted Defendants to file a dispositive motion on this ground. ([Filing No. 16](#)). Defendants filed the present motion for summary judgment alleging that Crockett failed to file a formal grievance within the time allowed. Crockett responds that he did file a formal grievance and Defendants

1

either intentionally or unintentionally did not process it. For the reasons set forth below, the court **DENIES** Defendants' motion.

**I.     Background**

Crockett filed a verified complaint, which is sufficient to rebut the facts contained in the affidavits submitted with Defendants' motion for summary judgment. *See Ford v. Wilson*, 90 F.3d 245, 246-47 (7th Cir. 1996). Therefore, the factual allegations in the complaint that are based on Crockett's personal knowledge must be taken as true in considering the present motion for summary judgment. *Id.* at 247.

**A. Crockett's Grievances**

On February 25, 2013, Crockett was attacked by a fellow inmate allegedly in retaliation for snitching a couple of days before on a correctional officer and fellow inmates. (Complaint ¶¶ 1, 2, 7; [Filing No. 1, at ECF pp. 4-5](#)). Crockett requested to be moved from his cell block the day before the attack. (*Id.* at ¶ 5; [Filing No. 1, at ECF pp. 4-5](#)). On March 1, 2013, Crockett spoke with Defendants Hinshaw and LeFlore about the attack; then on March 4, 2013, Crockett filed a grievance about the attack. (*Id.* at ¶¶ 11, 12; [Filing No. 1, at ECF p. 6](#)). Also on March 4, Crockett was interviewed by Defendant Dunn about the attack. (*Id.* at ¶ 13; [Filing No. 1, at ECF p. 6](#)). On March 15, Defendant Dunn again interviewed Crockett and told Crockett that they had received the grievance. (*Id.* at ¶18; [Filing No. 1, at ECF p. 7](#)).

Beginning on March 8, Crockett again requested to be moved due to another inmate harassing him. (*Id.* at ¶¶ 14-17; [Filing No. 1, at ECF pp. 6-7](#)). Then on March 18, 2013, he was attacked again. (*Id.* at ¶ 21; [Filing No. 1, at ECF p. 8](#)). On April 1, 2013,

2

Crockett filed a grievance concerning the second attack. (*Id.* at ¶ 24; Filing No. 1, at ECF p. 8). That same day, Crockett wrote a letter to the Grievance Coordinator about his first grievance indicating that he had not yet received a response. (*Id.* at ¶ 25, Filing No. 1, at ECF pp. 8-9; Complaint Exhibit G, Filing No. 1-2, at ECF p. 15). On April 6, Crockett wrote a second letter to the Grievance Coordinator about that grievance. (Complaint Exhibit I, Filing No. 1-2, at ECF p. 19). In that letter, Crockett asks her to check with internal affairs because Defendant Dunn had told him that it would be sent there. (*Id.*, Filing No. 1-2, at ECF p. 19). On August 7, 2013, Crockett wrote a third letter to the Grievance Coordinator seeking her assistance with the first grievance, which he explains was never answered. (Complaint Exhibit K, Filing No. 1-2, at ECF p. 21).

### B. The Grievance System

Correctional facilities, such as the one where Crockett resided, must comply with the Offender Grievance Process ("OGP") as set forth in the Indiana Department of Correction, Manual of Policies and Procedures, Offender Grievance Process, No. 00-02-301. (Defendants' Exhibit D, Filing No. 19-4). The purpose of the OGP is "to provide an administrative process that offenders . . . may use to resolve concerns and complaints relating to their conditions of confinement." (OGP Section I, Filing No. 19-4, at ECF p. 1). One of the principles of the grievance system is that "each grievance shall be answered in writing at each level of decision and review, including the reason(s) for the decision." (*Id.* at Section IV.B., Filing No. 19-4, at ECF p. 4).

The OGP consists of three steps:

> (1) an informal attempt to solve a problem or address a concern, which can be followed by (2) submission of a written form setting out the problem or concern and other information, and the response to that submission, which can be followed by (3) a written appeal of the response to a higher authority and the response to that appeal.

(*Id.* at Section V., [Filing No. 19-4, at ECF p. 5](#)). A grievance must be completed "no later than 20 working days from the date of the incident giving rise to the complaint or concern." (*Id.* at Section XIV.A., [Filing No. 19-4, at ECF p. 16](#)).

Mike Smith, the Executive Assistant who is in charge of the grievance process, was not able to locate any grievance that related to the alleged action or inaction of Defendants during February and March 2013. (OGRE Case Management System screen shots, Defendants' Exhibit E, [Filing No. 19-5](#); *see also* Affidavit of Mike Smith ("Smith Aff.") ¶ 9, [Filing No. 19-7](#)). The records reveal that Crockett filed thirty-eight grievances in all between February 2012 and January 2014. (Smith Aff. ¶13). Crockett did file a grievance on August 17, 2013, relating to the incident. (*Id.*, [Filing No. 19-7](#); *see also* Return of Grievance, [Filing No. 1-2](#)). That grievance was rejected because it was too late and the information was not available through the grievance process. (Return of Grievance, [Filing No. 1-2](#)).

## II. Summary Judgment Standard

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A genuine issue of

material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the particular issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III.     Discussion**

In *Pavey v. Conley*, the Seventh Circuit held that the district court must determine as a threshold matter whether "the prisoner has properly exhausted his administrative remedies." 544 F.3d 739, 742 (7th Cir. 2008). Since failure to exhaust is an affirmative defense, prison officials bear the burden of proof. *Jones v. Bock,* 549 U.S. 199, 216 (2007). A prisoner is only required to exhaust those remedies that are available to him. *See Farina v. Anglin*, 418 F. App'x 539, 543 (7th Cir. 2011). In the Seventh Circuit, "the case law is not settled on how 'available' should be defined, but a plaintiff's claims will not be dismissed where 'prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting.'" *Diaz v. Hart*, 08 C 5621, 2010 WL 849654 (N.D. Ill. Mar. 8, 2010) (quoting *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). Administrative remedies are "unavailable," and thus exhausted, if the underlying grievance went unanswered. *See Dole*, 438 F.3d at 809; *see also Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005).

Defendants present evidence that there is no record of the March 4 and April 1 grievances. (Smith Aff. ¶ 9, [Filing No. 19-7](Filing No. 19-7)). Nevertheless, Crockett has provided evidence, through his verified complaint, that he did file such grievances and received no answer. (Complaint ¶¶ 12, 24, [Filing No. 1](Filing No. 1)). If Crockett did file the grievances at those times, he exhausted the available administrative remedies; if he did not file them, then he

5

did not exhaust his remedies. Therefore, whether or not the grievances were filed is clearly an issue of material fact that precludes the court from granting summary judgment in favor of Defendants at this stage.

## IV.     Conclusion

Consequently, the court, having found an issue of material fact as to whether grievances were filed, **DENIES** Defendants' motion for summary judgment ([Filing No. 17](#)).

**SO ORDERED** this 26th day of June 2014.

                                               RICHARD L. YOUNG, CHIEF JUDGE
                                               United States District Court
                                               Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.